**In re Sang K. PARK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 416551).**

**Nos. 03–BG–1233, 04–BG–209.**

District of Columbia Court of Appeals.

March 9, 2006.

Before SCHWELB and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

Respondent Sang K. Park has been a member of our Bar since December 5, 1988. He has also been admitted to practice in Virginia and Maryland. As a result of Park's serious misconduct in an immigration matter and a probate matter,[1] both in Virginia, he was suspended from prac-

1. Park's misconduct consisted, *inter alia,* of various acts of dishonesty, in violation of Virginia's counterpart of Rule 8.4(c) of our Rules of Professional Conduct; falsely holding himself out as an expert or specialist in immigration matters, in violation of the counterpart of Rule 7.1(a); failure to attend promptly to matters undertaken for a client, in violation of the counterpart of Rule 1.3(c); and undertaking a matter in which he lacked competence, in violation of the counterpart of Rules 1.1(a) and (b).

tice in that state for six months, and he also received a public reprimand. Thereafter, Park was reciprocally suspended from practice in Maryland. The misconduct in question occurred between 1993 and 1997.

■ Reciprocal disciplinary proceedings were instituted in the District of Columbia and on December 28, 2005, the Board on Professional Responsibility recommended to this court that identical reciprocal discipline of suspension for six months be imposed.[2] The Board further recommended that the suspension run *nunc pro tunc* from December 9, 2004 (the date that Park filed an affidavit which complied substantially, but not fully, with the requirements of D.C. Bar R. XI, § 14(g)), provided that Park file a satisfactory supplemental affidavit within ten days of the entry of the Board's Report.[3] Park filed the supplemental affidavit on January 6, 2006.

■ "Generally speaking, if the Board's recommended sanction falls within a wide range of acceptable outcomes, it will be adopted and imposed." *In re Hallmark*, 831 A.2d 366, 371 (D.C.2003) (quoting *In re Goffe*, 641 A.2d 458, 463–64 (D.C. 1994)). In reciprocal discipline cases, there is a rebuttable presumption that the discipline in the District will be the same as in the original disciplinary jurisdiction. *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992). In this case, neither Park nor Bar Counsel has excepted to the recommendation of the Board, and the deferential standard applicable to the Board's recommendation pursuant to D.C. Bar R. XI, § 9(g), becomes even more deferential where, as here, the recommended discipline is uncontested. *See In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995) (mandating heightened deference to uncontested Board recommendation in reciprocal discipline case). The six-month suspension imposed in Virginia and recommended by the Board is well within the range of sanctions imposed in the District of Columbia for dishonesty, coupled with neglect and other violations. *See, e.g., In re Reback*, 513 A.2d 226, 231–35 (D.C.1986) (en banc). Accordingly, in conformity with the Board's recommendation, Sang K. Park is hereby suspended from practice for six months, the suspension to run *nunc pro tunc* from December 9, 2004.

*So ordered.*[4]

■

---

2. In light of the recommended suspension for six months, the Board viewed public censure as superfluous.

3. Three members of the Board dissented from the part of the Report conditionally providing that the suspension should run *nunc pro tunc* from December 9, 2004.

4. Because this proceeding is uncontested, we do not decide the question that divided the Board, see note 3, *supra*, except to conclude that the Board majority's resolution is acceptable where no party has excepted to it. We note that Park was temporarily suspended from practice in the District on November 6, 2003, after Bar Counsel filed a copy of the order suspending Park in Virginia. He has thus been prevented from practicing law for a period more than four times as long as the proposed six-month suspension.